UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON A. FINIZIE, | : | |
| Plaintiff, | : | Civil Action – Jury Demanded |
| | : | |
| v. | : | No. |
| | : | |
| DENIS MCDONOUGH, Secretary, | : | |
| U.S. Department Veterans Affairs, | : | |
| Defendant. | : | |

## COMPLAINT

### Parties

1. Plaintiff, Sharon A. Finizie (hereinafter "Plaintiff") (DOB: 5/14/53, female), is a citizen of the United States and a resident of the County of Burlington, State of New Jersey.

2. Defendant, Denis McDonough, Secretary, U.S. Department of Veterans Affairs (hereinafter "Defendant"), is the duly appointed and acting official charged with the administration of laws and implementing regulations, instructions and directives affecting the Agency and its organizational components and its employees concerning anti-discrimination in employment, including, but not limited to, job discrimination under *Title VII* of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

### Jurisdiction

3. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-16(c) which provides, in pertinent part, that a federal employee may obtain judicial review and a trial *de novo* in a federal district court from a judicially reviewable action where *Title VII* discrimination has been alleged. A federal employee is required to file a civil action within 90 days of receipt of final action taken by the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") upon an appeal from an Agency decision on an employee's formal complaint of discrimination under *Title VII*.

### Venue

5. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

6. The United States District Court for the Eastern District of Pennsylvania is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(e)(1)(B), in that a substantial part of the

events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## Background

7. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

8. At all times relevant hereto, Plaintiff was a registered nurse employed by Defendant in Philadelphia at the Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center (hereinafter "Medical Center"); until May, 2015, the Medical Center had been named the Philadelphia VA Medical Center.

9. On or about June 16, 2017 (EEOC No.: 530-2018-00125X) and November 24, 2017 (EEOC No.: 530-2018-002625X), Plaintiff filed a formal complaint of discrimination with the EEOC in which she alleged that she had been discriminated against by Defendant in reprisal for her prior EEO activity and due to her age and gender/sex.

10. Plaintiff then exercised her administrative appeal/review rights pursuant to 29 C.F.R. Part 1614.

11. On October 31, 2022 the EEOC granted summary judgment in favor of Defendant and against Plaintiff.

12. Plaintiff was subjected to a hostile work environment based on age, sex (female), and reprisal for prior EEO activity as evidenced by the following events.

## FACTS

13. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

### AIB Investigation

14. In or about February 2017 the Medical Center Director, Daniel Hendee, requested that an Administrative Board of Investigation (hereinafter "AIB") investigation be initiated based on allegations of inappropriate workplace behavior made by Plaintiff and another Quality Management professional staff member (i.e.: Florence Kocher (hereinafter "Kocher").

15. AIB investigations are to be conducted in accordance with official Agency written policies; as described below, Plaintiff avers that the AIB investigation did not comply with the applicable policies pursuant to the VHA Handbook (see Exhibit "A").

16. The aforesaid allegations included workplace violence issues and issues of sexual harassment. Plaintiff had extensive prior EEO activity, some of which were in active litigation status at the time the AIB investigation was held.

17. The AIB investigation was a sham investigation, both procedurally and substantively, and designed to unfairly target Plaintiff for alleged wrongdoing based directly on Plaintiff's prior EEO activity.

18. Specifically, the AIB panel members engaged in improper communications with witnesses, and those improper communications were not documented in the AIB Report.

19. Plaintiff and Kocher both furnished documents and testified during the AIB investigation (with Dennis L. Friedman, Esquire, their then attorney, present); however these documents were not noted or included in the AIB report (see statements made by Valerie Boytin, attached hereto as Exhibit "B").

20. While the AIB panel members investigated matters of alleged wrongdoing against Plaintiff, she was never informed of the allegations against her, and never given an opportunity to address or challenge those allegations - a clear violation of Plaintiff's due process rights. The charge letter for this matter is attached hereto as Exhibit "C" and notice of the same sent to Plaintiff is attached as Exhibit "D." Neither correspondence informed Plaintiff of the allegations against her.

21. The Agency never produced the full, complete, and unredacted copy of the AIB report; nor did the Agency ever produce the requisite documents comprising the AIB report; furthermore, neither Plaintiff nor Kocher were afforded the opportunity to respond to, and challenge, the findings and recommendations of the AIB report.

22. The documents that were not produced (referred to in Paragraph 21) include, but are not limited to, email communications during the course of the AIB investigation. The aforesaid email communications would show that non-AIB members were apprised of evidence, directed the focus of the investigation, and improperly prepared portions of the AIB report.

23. The documents that were not produced (referred to in Paragraph 21) would also include essential documents that had been submitted during the course of the AIB investigation, an analysis of the material facts in contention, evidence that the AIB members followed through on the specific allegations of Plaintiff, evidence that the AIB members apprised Plaintiff of allegations upon which the AIB members reached conclusions which were critical of Plaintiff's conduct, and evidence that the AIB members reached conclusions that were well-reasoned and supported through a comprehensive analysis of all evidence, pursuant the VHA Handbook 0700 (see Exhibit "A").

24. Due to Plaintiff's extensive prior EEO activity, she was the target of the AIB investigation and deliberately not informed or apprised of the allegations that were being investigated; specifically, but not exclusively, Defendant used the AIB investigation to target both Plaintiff and Kocher, and blame them for the Quality Management employee misconduct that they had reported to Defendant.

25. For the reasons stated above, due to Plaintiff's extensive prior EEO activity, the

investigation was not objective, and the Board violated the mandates of VA Handbook 0700 by failing to engage in an analysis of conflicting or disputed evidence to determine the facts or resolve issues, as required by VA Handbook 0700.

26. The AIB Board failed to document its investigative activities by retaining critical documents provided by Plaintiff during the course of the investigation (see Exhibit "B").

27. The Board denied Plaintiff her fundamental due process rights by making findings against her without her being apprised of the allegations against her, and without giving her the opportunity to address those allegations during the course of the investigation.

28. The AIB Report that followed the above-described investigation (see Exhibit "E") was used by Defendant's management to develop recommendations and an Action Plan to address the conclusions identified in the AIB Report. The Action Plan was prepared by Ariel Drobnes, Quality Management Director Bruce Boxer (hereinafter "Boxer"), Tierney Stanley, and others (see statements made by Boxer attached hereto as Exhibit "F").

29. On April 27, 2017, Boxer informed Plaintiff that the AIB investigative report contained negative findings against her.

30. On April 27, 2017, Boxer met with and told Plaintiff that (1) she engaged in collusion with an older female colleague; (2) she and her colleague exhibited unprofessional behavior and complicit behavior; (3) the AIB panel concluded that Plaintiff was one of the "wrongdoers," and that appropriate severe actions must be taken against her; (4) Plaintiff was threatened with progressive discipline; and, (5) Plaintiff was required to meet with Boxer on a frequent basis to discuss Plaintiff's progress.

31. On April 27, 2017, Boxer ordered Plaintiff to move to a smaller, partially enclosed office space, that was not located in Plaintiff's respective product line, but, instead, was located immediately adjacent to the office space of a male staff member who Plaintiff alleged had physically assaulted her on October 17, 2016.  Plaintiff was only given one (1) working day notice by Boxer to immediately move to a shelf and chair located in the main Quality Management office space.  Plaintiff's previous office was semi-private with a door that could be closed and a standard size desk and office chair.  There was very little working space available on this shelf once Plaintiff's computer with accessories and telephone were placed on it; indeed, Plaintiff was unable to get up from being seated in the chair without banging into the chair of a co-worker seated behind her.

32. On April 27, 2018, Boxer issued to Plaintiff an overdue and lowered Proficiency Report and Competency Assessment in the Performance Evaluation for June 2016 – June 2017 which Plaintiff seeks to have rescinded.

## Non-Selection

33. On June 16, 2017, Plaintiff applied for the position of Registered Nurse – Infection Control, Vacancy Identification Number: 1968021, Announcement Number: PHL-17-020-SMH-1968021-BU, dated June 6, 2017.

34. The vacancy announcement was opened from Tuesday, June 6, 2017 to Tuesday, June 20, 2017.  Plaintiff has maintained National Certification in Infection Control for many years, worked with the Infection Preventionists by gathering data on special projects, and routinely analyzed data; and, upon Plaintiff's information and belief, she was the only in-house applicant fully qualified to perform the duties of the position, as described in the vacancy announcement.

35. On August 2, 2017, Plaintiff was notified in writing that she was not selected for the position of Registered Nurse-Infection Control, under Vacancy Identification No. 1994947, Announcement No. PHL-17-043-SMH-1994947-BU, dated June 6, 2017.  The Agency, after Plaintiff applied, chose not to fill the position under said vacancy announcement.

36. On October 2, 2017, Plaintiff was notified, by email, that she was not selected for the position of Registered Nurse-Infection Control, under Vacancy Identification No. 1994947, Announcement No. PHL-17- 043-SMH-1994947-BU, dated August 3, 2017.

37. The above position was initially offered to Jenny Hayes, RN, a woman in her thirties (30s).  Ms. Hayes did not have an MSN degree.

38. On August 8, 2017, Plaintiff applied for the position of Registered Nurse-Infection Control, under Vacancy Identification No. 1994947, Announcement No. PHL-17-043-SMH-1994947-BU, dated August 3, 2017.

39. The vacancy announcement was open from Tuesday, August 3, 2017 to Thursday, August 17, 2017. On October 2, 2017.

40. Plaintiff was notified, by email, that she was not selected because she, allegedly, did not meet the qualification requirements for the position.

41. The above position was offered to Mary Fornek, RN, a woman in her forties (40s).

42. Plaintiff was not interviewed for either of the above positions.

43. The Agency created artificial qualification standards in each vacancy announcement which were designed to specifically exclude Plaintiff from competition, when those restrictive standards were contrary to the principles of merit selection.

44. Boxer was the selecting official for both of the vacancy announcements described above, while Filomena "Phyllis" Rego prepared the certificate of eligible for both vacancy

announcements.

## COUNT I
## RETALIATION

45. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

46. Plaintiff incorporates Paragraphs 14 through 44 above.

47. Plaintiff alleges discrimination based on reprisal for her prior EEO activity when she was (1) subjected to the AIB process described above; (2) moved to a smaller workspace (see Paragraph 31); (3) received a lowered proficiency report (see Paragraph 32); and, (4) not selected for an open position for which she was qualified (see Paragraphs 33 - 40).

48. Plaintiff believes she was the oldest member of the Quality Management Specialist Group and the only one who had ongoing EEO activity.

49. In addition, all of the male specialists had private offices, which excluded her as a woman.

50. Plaintiff seeks judicial review and a trial *de novo* in Federal District Court on all issues set forth herein.

## COUNT II
## GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

51. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

52. Plaintiff incorporates Paragraphs 14 through 44 above.

53. Plaintiff was treated differently from similarly-situated employees as they were not subject to the demands from Defendant as described above.

54. Plaintiff alleges discrimination based on her gender (female) when she was (1) subjected to the AIB process described above; (2) moved to a smaller workspace (see Paragraph 31); (3) received a lowered Proficiency Report (see Paragraph 33 above); and, (4) not selected for an open position for which she was qualified (see Paragraphs 33 - 44).

55. Plaintiff believes she was the oldest member of the Quality Management Specialist Group and the only one who had ongoing EEO activity.

56. In addition, all of the male specialists had private offices, which excluded her as a woman.

57. Title VII of the Civil Rights Act of 1964 (as amended) makes it an unlawful employment practice for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…" 42 USC Section 2000e-2(a).

58. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender/sex (female).

59. As a direct and proximate result of the foregoing violations of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant.

60. Plaintiff seeks judicial review and a trial *de novo* in Federal District Court on all issues set forth herein.

## COUNT III
## AGE DISCRIMINATION - ADEA

61. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

62. Plaintiff incorporates Paragraphs 14 through 44 above.

63. The ADEA makes it unlawful for employers and their agents "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

64. The foregoing conduct by Plaintiff constitutes unlawful discrimination against Plaintiff on the basis of her age (69 years old).

65. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant.

66. Plaintiff alleges discrimination based on her age when she was (1) subjected to the AIB process described above; (2) moved to a smaller workspace (see Paragraph 31 above); (3) received a lowered proficiency report (see Paragraph 32 above); and, (4) not selected for an open position for which she was qualified (see Paragraphs 33 - 44 above).

67. Plaintiff believes she was the oldest member of the Quality Management Specialist Group and the only one who had ongoing EEO activity.

68. In addition, all of the male specialists had private offices, which excluded her as a woman.

69. Plaintiff seeks judicial review and a trial *de novo* in Federal District Court on all issues set forth herein.

**WHEREFORE**, Plaintiff, Sharon A. Finizie, respectfully requests that the Court find that the U.S. Department of Veterans Affairs, by and through its employees, discriminated against her in reprisal for her prior EEO activity and that the U.S. Department of Veterans Affairs be ordered to pay all elements of damages and provide all equitable relief to which she is entitled to recover under law, including, but not limited to, placement into an Infection Preventionist (RN) position, rescinding the lowered Proficiency Report and Competency Assessment, compensatory damages, costs and reasonable attorney fees.

Respectfully submitted,

BY:   /s/
LAW OFFICE OF FAYE RIVA COHEN, P. C.
FAYE RIVA COHEN, ESQUIRE
Attorney ID: 18839
2047 Locust Street
Philadelphia, PA 19103
(215) 563-7776
Attorney for Plaintiff

Date:   January 24, 2023

## VERIFICATION

I, Sharon A. Finizie, hereby verify that I am the Plaintiff in the within Complaint and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements are made to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


_Sharon A. Finizie_
Sharon A. Finizie
Plaintiff


Date: 1-24-2023