IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON A. FINIZIE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-294 |
| | : | |
| DENIS MCDONOUGH | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                   **August 9, 2023**

An employer required applicants for an open nursing position in 2017 demonstrate experience in the last two years to be considered for the position. A sixty-three-year-old woman with relevant experience over twenty years earlier twice applied for the open position after trying for the same position for the past several years. The woman applicant earlier complained of discrimination by her employer with no success. The employer screened the applications for the 2017 posting. It denied the woman's applications again. The employer instead chose a younger woman with current or recent experience consistent with the qualifications in the job posting. The woman applicant now again sues her employer for retaliation and age and gender discrimination. She offers no evidence other than her beliefs. She did not adduce evidence which could allow us to find genuine issues of material fact on her three claims. We grant the employer's motion for summary judgment.

**I.       Undisputed Facts**[1]

The United States Department of Veterans Affairs hired Sharon Finizie as an infection control nurse at the Philadelphia Department of Veterans Affairs Medical Center in 1981.[2] Ms. Finizie, certified in infection control, worked as an infection control nurse until May 1993.[3] The Department reassigned Ms. Finizie to a Quality Management Specialist role because of "multiple

alleged infractions" in May 1993.[4] Ms. Finizie remained in the Quality Management Specialist role until her 2018 retirement.[5] Ms. Finizie unsuccessfully applied for every infection control nurse vacancy from May 1993 through her 2018 retirement.[6]

Ms. Finizie filed twenty-two complaints with the Equal Employment Opportunity Commission against the Department during her career in response to not obtaining infection control nurse positions.[7] She most recently filed a complaint in 2015.[8] Ms. Finizie's present challenges stem from the Department's denial of a June 2017 and August 2017 infection control nurse position.[9]

### *The 2017 Administrative Investigation Board.*

Medical Center Director Daniel Hendee requested an Administrative Board of Investigation be initiated in the Quality Management Department because of allegations of unprofessional behavior, sexual harassment, and workplace violence in February 2017.[10] Director of Quality Management Bruce Boxer reported the findings of the investigation to the entire Quality Management staff in April 2017.[11] Director Boxer informed Ms. Finizie the investigation contained findings negative findings about her including "she collaborated with Florence Kocher against other" employees and they engaged in unprofessional and complicit behavior.[12] Director Boxer spoke with Ms. Finizie and Ms. Kocher privately about the findings and moved Ms. Finizie to another office space not located in her product line.[13]

### *The Department did not select Ms. Finizie for the June 2017 infection control nurse vacancy.*

The Department posted an opening for an infection control nurse in June 2017.[14] Then sixty-three-year-old Ms. Finizie again applied for the position.[15] She held a Master of Science in Nursing degree, had approximately eleven-and-a-half years of past experience as an infection control nurse (from February 1981 to May 1993), and maintained a current national Certification

in Infection Control along with a Certified Professional in Healthcare Quality Certification at the time she applied for the position. The job posting identified preferred qualifications including "current infection control experience in a tertiary care facility."[16] Director Boxer and Health System Specialist Philomena Rego screened applicants by using a questionnaire and comparing resumes to the qualifications in the job announcement.[17] Director Boxer and Specialist Rego screened Ms. Finizie, found her not suitable, and notified her of her non-selection on July 25, 2017.[18] Only female candidates moved forward to the interview round, and the Department ultimately selected a female candidate in her thirties who had both national infection control certification and recent infection control experience.[19]

### The Department did not select Ms. Finizie for the August 2017 vacancy.

The female selectee for the June 2017 vacancy declined.[20] The Department posted a second announcement to fill the same vacancy.[21] Ms. Finizie applied again.[22] The job posting listed "certification in infection control" and "recent (within the last two (2) years) infection control experience in a tertiary care facility" as required qualifications.[23] The Department again screened out Ms. Finizie and notified her of her non-selection on September 6, 2017.[24] The Department selected three females with the necessary qualifications for the interview panel to consider.[25] The Department offered the position to a nurse in her forties with eighteen years of *current* experience.[26] This nurse also refused the position. The panel did not select any of the other candidates and the Department did not fill the position until 2018.[27]

### Ms. Finizie files complaints with the Equal Employment Opportunity Commission.

Ms. Finizie filed formal complaints with the Equal Employment Opportunity Commission in response to not being selected for the June and August 2017 vacancies alleging she had been discriminated against by the Department "in reprisal for her prior EEO activity and

due to her age and gender/sex."[28] The Equal Employment Opportunity Commission granted summary judgment in favor of the Department on October 31, 2022.[29]

### *Ms. Finizie sues the Department.*

Ms. Finizie now sues the Department alleging retaliation and gender discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act.[30] Ms. Finizie seeks monetary damages, costs and reasonable attorney's fees, and placement into the Department's infection preventionist position.

## II.     Analysis

The Department now moves for summary judgment.[31] The Department argues: (1) the Department had valid, non-retaliatory reasons for choosing another nurse for the 2017 infection control nurse vacancies, and (2) Ms. Finizie offers no evidence of either gender or age discrimination in violation of Title VII and the Age Discrimination in Employment Act.[32] Ms. Finizie responds the Department established the infection nurse job qualifications in bad faith, did not give her application fair consideration, and discriminated against her because of her earlier complaints to the Commission and because she is an older woman.[33]

Ms. Finizie presents no genuine issues of material fact. The Department is entitled to judgment as a matter of law on Ms. Finizie's claims under Title VII and the Age Discrimination in Employment Act. Ms. Finizie fails to adduce evidence of retaliation against her based on her earlier activity with the Commission or discrimination against her based on her gender or age when the Department screened and passed onto the interview panel only female candidates and Ms. Finizie fails to show any reasonable inference of age discrimination.

### A.  We grant summary judgment dismissing Ms. Finizie's retaliation claim.

Ms. Finizie claims the Department intentionally discriminated against her based on earlier complaints with the Commission when it did not select her for an open position she qualified for.[34] Ms. Finizie argues the Department intentionally discriminated against her based on her earlier complaints with the Commission and included arbitrary and capricious job qualifications specifically to exclude Ms. Finizie from selection.[35]

Congress in Title VII prohibits an employer from discriminating "against any individual . . . because [s]he has opposed any . . . unlawful employment practice . . . or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing" under Title VII.[36] We analyze Title VII retaliation claims through the three-part *McDonnell Douglas* burden shifting framework.[37] Ms. Finizie must first establish a *prima facie* case of discrimination. To proceed on a *prima facie* case of Title VII retaliation Ms. Finizie must show: "(1) she engaged in activity protected by Title VII; (2) [the Department] took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action."[38]

If Ms. Finizie meets this burden, the burden shifts to the Department to provide a legitimate, non-retaliatory reason for the alleged adverse employment actions.[39] If the Department does so, the burden shifts back to Ms. Finizie to convince us "the [the Department's] proffered explanation was false [a pretext], and that retaliation was the real reason for the adverse employment action."[40] Ms. Finizie cannot simply show the Department made a wrong or mistaken decision "since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent."[41] Ms. Finizie must instead actually demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies,

or contradictions in the [Department's] proffered legitimate reasons for its action," so "a reasonable factfinder could rationally find them 'unworthy of credence.'"[42] Ms. Finizie's personal opinion the Department acted unfairly does not suffice to show pretext.[43]

### a. Ms. Finizie cannot show a *prima facie* case of retaliation.

Ms. Finizie engaged in protected activity under Title VII by filing over twenty Equal Employment Opportunity Commission complaints based on the Department not selecting her for the infection control nurse positions.[44] The Department concedes Ms. Finizie satisfies this first element her *prima facie* retaliation claim.[45] The Department also concedes under the United States Supreme Court's holding in *Burlington Northern and Santa Fe Ry. Co. v. White*, the Department's decisions not to select Ms. Finizie for the two vacancies could be considered "materially adverse" under the second element of her *prima facie* case.[46] The parties' dispute centers on whether Ms. Finizie can establish a causal connection between her participation in the protected activity and the adverse employment action under the third element of her *prima facie* case.

Ms. Finizie must provide "some evidence [] the individuals responsible for the adverse action knew of [her] protected conduct at the time they acted" under prong three of her *prima facie* case.[47] Ms. Finizie must then demonstrate a link between her protected activity and her rejection for the 2017 vacancies by either (1) "pointing to an 'unusually suggestive' temporal proximity between the protected activity and adverse action," or (2) establishing "the circumstances as a whole, including any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other evidence suggesting that the employer had a retaliatory animus when taking the adverse action."[48] Ms. Finizie must "proffer evidence sufficient to raise the inference [] her engagement in a protected

activity was the *likely reason* for the adverse employment action" to establish a causal connection required as the third element of her *prima facie* case.[49] Ms. Finizie needs to present evidence showing "but for" her filing of her complaint her employer would have hired her for the positions.[50]

Our Court of Appeals instructs employees cannot establish a causal connection between non-selection for a job vacancy and a complaint with the Commission when the record shows the employer selected another more qualified candidate for a position. In *D'Ambrosio v. Crest Haven Nursing & Rehabilitation Center*, the employee sought two separate positions as a scheduling coordinator and a finance director.[51] Her employer selected someone with more relevant experience for the role and, because the employee had no background in finance, it selected someone with finance experience for the finance director position.[52] Our Court of Appeals affirmed the employer did not retaliate when it selected other more qualified applicants.[53]

We also look to temporal proximity when analyzing causation.[54] Our Court of Appeals instructs even short periods of time between the protected activity and adverse action alone is not enough to establish causation. For example, in *Petti v. Ocean County Board of Health* the employee failed to establish a *prima facie* case of Title VII retaliation because she failed to show her employer likely terminated her because she filed a complaint with the Public Employees Occupational Safety and Health Program.[55] Our Court of Appeals held six months passed between employee's filing of the complaint and the employer's initiation of her termination proceedings and this timeframe alone could not establish her employer likely fired her because she filed the complaint.[56] In *Motto v. Wal-Mart Stores E., LP,* our Court of Appeals instructed an even shorter timeframe of eleven days not "unusually suggestive of retaliatory motive[.]"[57]

The employee in *Motto* claimed the eleven-day period between his sexual harassment complaint and termination proved causation.[58] Our Court of Appeals disagreed and held the timing by itself insufficient to establish a causal link and the employee failed to present evidence of antagonism or retaliatory animus in the intervening time.[59]

Ms. Finizie has shown she (1) engaged in protected activity by filing many complaints with the Commission, most recently in 2015; and (2) suffered an adverse action when the Department twice rejected her for the infection control nurse position in 2017. Ms. Finizie has shown the Department's personnel knew of her earlier complaints and it is possible other individuals on the interview panels knew of her past activity. But she has not shown Director Boxer, or anyone else on the selection committee, had animus towards her.[60]

Ms. Finizie cannot show a causal connection with knowledge alone. Ms. Finizie does not show "unusually suggestive" temporal proximity between her protected activity and not being selected for the two 2017 vacancies. Ms. Finizie filed her last complaint with the Commission in 2015 approximately two years before applying for the 2017 vacancies.[61] Even more time passed since Ms. Finizie filed her latest complaint with the Commission than reviewed by our Court of Appeals in *Petti* and *Motto.* There is also no evidence the findings from the investigative board influenced the selection committee's decision to not interview Ms. Finizie.

Like our Court of Appeals' analysis in *D'Ambrosio*, there is ample evidence the Department did not select Ms. Finizie for the two vacancies because the Department viewed other applicants as more qualified for the infection control nurse positions given their more current experience. The candidates selected to proceed to interview contained the requisite "recent" or "current" infection control experience, and Ms. Finizie had not had infection control experience since 1993. Ms. Finizie, like the employee in *D'Ambrosio*, fails to present evidence

8

showing but for her previous activity with the Commission the Department would have selected her for the positions.

Ms. Finizie points to no evidence, other than her own subjective belief, the Department did not hire Ms. Finizie for the two 2017 vacancies because of her earlier complaints to the Commission. Ms. Finizie fails to show inconsistencies in the reasons the Department gave for not hiring her or other evidence suggesting the Department had a retaliatory animus. No part of the record supports Ms. Finizie's belief the Department set arbitrary hiring criteria and did not hire her for the positions because of her earlier complaints with the Commission. Ms. Finizie needs evidence not her belief lacking evidence.

### b. The Department established legitimate, non-discriminatory reasons for not hiring Ms. Finizie.

Ms. Finizie did not adduce evidence of retaliation even if she had been able to establish a prima facie case. The Department provided a legitimate, non-retaliatory reason for not hiring Ms. Finizie for the 2017 vacancies: the Department screened and interviewed candidates who met their preferred qualification of current infection control experience.[62]

Ms. Finizie must now point to some evidence, direct or circumstantial, from which we could reasonably either "(1) disbelieve the [the Department's] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."[63] Our Court of Appeals repeatedly instructs an employer successfully demonstrated a legitimate, non-retaliatory reason when ample evidence in the record showed the employer selected another more qualified candidate for a position.[64] Because the Department "is permitted to decide which job criteria are important and to determine what skill set is most appropriate for a given position[,]" Ms. Finizie "cannot establish pretext simply from the fact [the Department] valued [other candidates'] skills and experiences over the

skills and experiences [she] brought to the table."[65] Ms. Finizie's unsupported subjective belief the Department did not hire her for retaliatory reasons falls short of establishing pretext.[66]

An employee cannot establish pretext by claiming they were more qualified for the position than the selected applicant. Our Court of Appeals in *Steele v. Pelmor Laboratories Inc.* instructed an employee seeking a vice president position could not credibly claim she held more qualifications than her competitor to prove pretext under Title VII because her competitor had more significant managerial experience.[67] The employee in *Steele* did not have the experience in high-level managerial positions needed for the job despite having longer experience working in the company.[68] The court of appeals reasoned an employee needs more to establish pretext beyond her belief she is better qualified for a job.[69] Ms. Finizie must show the qualifications of the person actually interviewed or selected were so much lower than those of her competitors for a reasonable factfinder to disbelieve the claim the employer honestly sought the best qualified candidate.[70] Ms. Finizie does not do so.

We find no evidence allowing us to reasonably disbelieve the Department's legitimate, non-discriminatory reason for not selecting Ms. Finizie for either job opening. It is undisputed Ms. Finizie did not have the preferred or requisite qualification of "*current* infection control experience in a tertiary care facility" or "*recent (within the last two (2) years)* infection control experience in a tertiary care facility" as prescribed in the job postings.[71] Ms. Finizie did not work as an infection control nurse since 1993.[72] Ms. Finizie's infection control nurse experience from twenty-four years ago (as of 2017) does not meet the "recent" or "current" experience required by the job description.[73] The Department selected candidates then actively working as infection control nurses.[74] It is undisputed, and acknowledged by Ms. Finizie, the women selected for interviews and ultimately offered the job had the necessary qualifications for consideration by

10

the interview panel.[75] Ms. Finizie does not, and cannot, show the "qualifications of the person actually promoted or selected were so much lower than those of her competitors for a reasonable factfinder to disbelieve the claim the employer honestly sought the best qualified candidate."[76] Ms. Finizie's qualifications were in fact lower than those selected. The undisputed facts confirm Department had a legitimate, non-discriminatory reason for not selecting Ms. Finizie. She does not establish pretext. Her retaliation claim lacks an evidentiary basis for trial and must be dismissed as a matter of law.

**B.   We grant summary judgment dismissing the gender discrimination claim.**

Ms. Finizie claims the Department intentionally discriminated against her based on her gender.[77] It is unclear how Ms. Finizie can allege gender discrimination when the Department only interviewed and selected female candidates.[78] Ms. Finizie's theory of gender discrimination is not articulated or adequately addressed in her opposition to summary judgment. We also acknowledge Ms. Finizie alleged this same gender discrimination when not selected for 2012, 2015, and 2018 infection control nurse vacancies.[79] Our colleagues dismissed every gender discrimination claim in these federal complaints based on non-selections for the infection control nurse vacancies on summary judgment because all interviewees and selectees were also female.[80] We too grant summary judgment against Ms. Finizie's gender discrimination claim because all interviewees and selectees were female.

**C.   We grant summary judgment dismissing the age discrimination claim.**

Ms. Finizie also alleges the Department discriminated against her because of her age.[81] Ms. Finizie does not clearly articulate how the Department discriminated against her based on her age. She alleges only the Department offered the position to women in their "thirties" and "forties" and "discrimination against older woman is rampant" in the Department's facilities.[82]

Congress through the Age Discrimination in Employment Act makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[83] Ms. Finizie does not have direct evidence of age discrimination. So she must prove her claim through circumstantial evidence.[84] We again apply the three-part *McDonnell Douglas* framework to Ms. Finizie's age discrimination claim.[85] Ms. Finizie must first establish a *prima facie* case of age discrimination which requires Ms. Finizie show she (1) is over forty; (2) qualified for the infection control nurse position; (3) suffered from an adverse employment decision; and (4) the Department replaced her with someone sufficiently younger and similarly situated to permit a reasonable inference of age discrimination.[86] Ms. Finizie's own belief, without supporting evidence, is insufficient to establish an inference of discrimination.[87] If Ms. Finizie establishes her *prima facie* case, the burden shifts to the Department to show a legitimate, non-discriminatory reason for its adverse employment decision.[88] If the Department does so, the burden shifts back to Ms. Finizie to show the Department's proffered reason is pretext.[89]

Ms. Finizie cannot meet the "qualification" prong or the "reasonable inference of age discrimination" prong to establish her *prima facie* case.  It is undisputed Ms. Finizie did not have the requisite "current" or "recent" infection control experience required by the Department.[90] She did not meet the required or preferred qualifications of the job postings.[91] Then sixty-three-year-old Ms. Finizie also offers no evidence of age-related remarks or specific examples of favorable treatment of younger employees at the Department. She does not adduce evidence of the exact ages of the women chosen for the positions because it appears Mr. Finizie never took discovery of these two women to support her age discrimination claim.

The fact the Department interviewed and selected people younger than Ms. Finizie alone cannot establish a "reasonable inference of age discrimination." We have no evidence whether the Department interviewed and selected women similarly situated to Ms. Finizie.[92] Ms. Finizie fails to establish a *prima facie* case of age discrimination because she has not shown she qualified for the infection control nurse vacancies or shown the younger interviewees were similarly situated to her.

Ms. Finizie does not, and cannot, overcome the legitimate, non-discriminatory reason offered by the Department even assuming she could establish a *prima facie* case. The Department choose to interview and select the other candidates because they had current infection control nurse experience and Ms. Finizie fails to present credible evidence to the contrary. Ms. Finizie offers no evidence other than her subjective belief the Department passed over her because of her age. Ms. Finizie cannot establish either a *prima facie* case of age discrimination or, alternatively, pretext for the Department's legitimate, non-discriminatory reason. We grant the Department's motion for summary judgment on Ms. Finizie's age discrimination claim.

## III.     Conclusion

Ms. Finizie at age sixty-three applied for open positions as an infection control nurse with the Department in June and August 2017. Ms. Finizie last worked as an infection control nurse in 1993. The Department denied her applications and interviewed and selected other candidates with more recent infection control experience. The Department adduces undisputed evidence it required recent infection control experience as a required qualification for the infection control vacancies.

Ms. Finizie claims the Department rejected her for these positions in retaliation for her past Equal Employment Opportunity activity in 2015. Ms. Finizie also claims the Department discriminated against her based on her age and gender. We find no genuine issues of fact material to Ms. Finizie's claims. She fails to establish retaliation, age, or gender discrimination under federal law. We enter summary judgment in favor of her former employer Department and dismiss Ms. Finizie's claims under Title VII and the Age Discrimination in Employment Act.

---

[1] Our Policies require a Statement of Undisputed Facts ("SUMF") and appendix in support of summary judgment. Defendant Denis McDonough, Secretary, United States Department of Veterans Affairs (the "Department") filed its SUMF at ECF No. 21-1 ("Department SUMF") and submitted its appendix in support of its motion for summary judgment at EFC No. 21-2. Ms. Finizie responded to the Department's SUMF at ECF No. 22-4 ("Finizie Response to Department SUMF") and attached her appendix in opposition to summary judgment at ECF No. 22-3.

[2] Department SUMF ¶¶ 1–2; Finizie Response to Department SUMF ¶¶ 1–2.

[3] Department SUMF ¶ 2; Finizie Response to Department SUMF ¶ 2.

[4] Department SUMF ¶ 4. Finizie Response to Department SUMF ¶ 4.

[5] Department SUMF ¶¶ 5–6. Finizie Response to Department SUMF ¶¶ 5-6.

[6] Department SUMF ¶¶ 5–6. Finizie Response to Department SUMF ¶¶ 5-6.

[7] ECF No. 21-2 at 266–67.

[8] *Id.*

[9] Department SUMF ¶ 33, 43; Finizie Response to Department SUMF ¶ 33, 43.

[10] Department SUMF ¶¶ 15–16; Finizie Response to Department SUMF ¶¶ 15–16. The parties dispute whether the investigation targeted only Ms. Finizie and co-worker Florence Kocher. But this fact is immaterial to our summary judgment analysis.

[11] Department SUMF ¶ 20; Finizie Response to Department SUMF ¶ 20.

[12] Department SUMF ¶ 21; Finizie Response to Department SUMF ¶ 21.

¹³ Department SUMF ¶¶ 22–23; Finizie Response to SUMF ¶¶ 22–23.

¹⁴ Department SUMF ¶ 24; Finizie Response to Department SUMF ¶ 24.

¹⁵ Department SUMF ¶ 30, Finizie Response to Department SUMF ¶ 30.

¹⁶ Department SUMF ¶¶ 10, 25, 26; Finizie Response to Department SUMF ¶¶ 10, 25, 26.

¹⁷ Department SUMF ¶¶11, 29; Finizie Response to Department SUMF ¶¶ 11, 29.

¹⁸ Department SUMF ¶¶ 32, 33; Finizie Response to Department SUMF ¶¶ 32, 33. The parties primarily disagree about why the Department screened out Ms. Finizie.

¹⁹ Department SUMF ¶¶ 31, 34; Finizie Response to Department SUMF ¶¶ 31, 34.

²⁰ Department SUMF ¶ 36; Finizie Response to Department SUMF ¶ 36.

²¹ Department SUMF ¶ 37; Finizie Response to Department SUMF ¶ 37.

²² Department SUMF ¶ 39; Finizie Response to Department SUMF ¶ 39.

²³ Department SUMF ¶ 38; Finizie Response to Department SUMF ¶ 38.

²⁴ Department SUMF ¶ 40, 43; Finizie Response to Department SUMF ¶ 40, 43.

²⁵ Department SUMF ¶ 45; Finizie Response to Department SUMF ¶ 45.

²⁶ ECF No. 21-2 at 69.

²⁷ Department SUMF ¶ 46; Finizie Response to Department SUMF ¶ 46.

²⁸ ECF No. 1 ¶ 9.

²⁹ *Id.* ¶ 11.

³⁰ ECF No. 1. Ms. Finizie unsuccessfully litigated similar retaliation claims against the Department related to her non-selection for the infection control nurse position. *See, e.g., Finizie v. Sec'y, United States Dep't of Veterans Affairs*, 751 F. App'x 300, 303 (3d Cir. 2018) (affirming Judge Robreno's grant of summary judgment for the Department on Ms. Finizie's retaliation claim); *Finizie v. Shineski*, 351 F. App'x 668, 673 (3d Cir. 2009) (affirming Judge Dalzell's grant of summary judgment for the Department on Ms. Finizie's retaliation claim); *Finizie v. Principi*, 69 F. App'x 571, 575 (3d Cir. 2003) (affirming denial of motion for a new trial following bench trial where Judge Dalzell entered judgment for the Department on Mr. Finizie's retaliation claim); *Finizie v. McDonough*, No. 20-6513 (E.D. Pa. June 17, 2022) (Judge Younge granting summary judgment to the Department on Ms. Finizie's retaliation claim). We

denied Ms. Finizie's retaliation, sex discrimination, and age discrimination on summary judgment last September relating to infection control nurse vacancies in 2018. *See Finizie v. McDonough*, No. 21-5586, 2022 WL 4635876 (E.D. Pa. Sept. 30, 2022).

[31] ECF No. 21. Ms. Finizie opposed summary judgment at ECF No. 22 and the Department replied at ECF No. 23. Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)). "Summary judgment is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, there exists 'no genuine dispute as to any material fact' and the movant 'is entitled to judgment as a matter of law.'" *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021) (quoting *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018)). We do not weigh evidence or make credibility determinations. *Peroza-Benitez v. Smith*, 994 F.3d 157, 164 (3d Cir. 2021) (quoting *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019)).

"The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Id.* (citing *Celotex*, 477 U.S. at 322–23).

[32] EFC No. 21 at 9–23.

[33] ECF No. 22.

[34] ECF No. 1 ¶ 47. She also briefly alleges the Department subjected her to the Administrative Board of Investigation process; moved to a smaller workspace; and gave her a lowered proficiency report. *Id.*

[35] ECF No. 22 at 14.

[36] 42 U.S.C. § 2000e-3(a).

[37] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Egelkamp v. Archdiocese of Phila.*, No. 19-3734, 2021 WL 1979422, at *9 (E.D. Pa. May 18, 2021) (citing *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017)).

[38] *Petti v. Ocean Cnty. Bd. of Health*, 831 F. App'x 59, 64 (3d Cir. 2020) (citing *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006) (citation omitted)).

[39] *Carvalho-Grevious*, 851 F.3d at 257 (citing *Moore*, 461 F.3d at 342).

[40] *Id.* (citing *Moore*, 461 F.3d at 342).

[41] *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

[42] *Id.*

[43] *Mulcahy v. Skipper*, No. 21-2788, 2022 WL 3081873, at *2 (3d Cir. Aug. 3, 2022) (internal citations omitted).

[44] ECF No. 21-2 at 266–67.

[45] ECF No. 21 at 11.

[46] *Id.*; *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). The Supreme Court in *Burlington Northern* held the anti-retaliation provision of Title VII covers employer actions considered "materially adverse to a reasonable employee or job applicant." *Id.* This teaching means the employer's actions are harmful to the point where it could "dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.*

[47] *Chambers v. Pennsylvania*, No. 19-2867, 2020 WL 4699045, at *6 (E.D. Pa. Aug. 13, 2020) (citing *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 196 (3d Cir. 2015)).

[48] *Id.* (citing *Daniels*, 776 F.3d at 196).

[49] *Petti*, 831 F. App'x at 64 (quoting *Carvalho-Grevious*, 851 F.3d at 253) (emphasis in original)).

[50] *Mazur v. Sw. Veterans Ctr.*, 803 F. App'x 657, 662 (3d Cir. 2020) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)); *D'Ambrosio v. Crest Haven Nursing & Rehab. Ctr.*, 755 F. App'x 147, 152–53 (3d Cir. 2018).

[51] *D'Ambrosio,* 755 F. App'x at 152–53.

[52] *Id.*

[53] *Id.*

[54] *Emmell v. Phoenixville Hosp. Co., LLC*, 303 F. Supp. 3d 314, 332 (E.D. Pa. 2018) ("Close 'temporal proximity,' between the protected status or action by the employee and the adverse action by the employer, is suggestive but not determinative of causation." (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)).

[55] *Petti*, 831 F. App'x at 64.

[56] *Id.*

[57] *Motto v. Wal-Mart Stores E., LP*, 563 F. App'x 160 (3d Cir. 2014).

[58] *Id.*

[59] *Id.* at 163–64.

[60] ECF No. 21 at 13.

[61] ECF No. 21-2 at 266–67.

[62] ECF No. 21 at 14.

[63] *Taylor v. Cherry Hill Bd. of Educ.*, 85 F. App'x 836, 840 (3d Cir. 2004) (quoting *Fuentes*, 32 F.3d at 764).

[64] *Id.*; *see also D'Ambrosio*, 755 F. App'x at 152–53.

[65] *Nunn v. NHS Hum. Servs., Inc.*, 110 F. Supp. 3d 554, 568 (E.D. Pa. 2015).

[66] *James v. Sutliff Saturn, Inc.*, 468 F. App'x 118, 121 (3d Cir. 2012) (internal citations omitted).

[67] *Steele v. Pelmor Lab'ys Inc.*, 642 F. App'x 129, 135 (3d Cir. 2016).

[68] *Id.*

[69] *Id.*

[70] *Id.* (citing *Bray v. Marriott Hotels*, 110 F.3d 986, 999 (3d Cir.1997) (Alito, J., dissenting)).

[71] Department SUMF ¶¶ 10, 38; Finizie Response to Department SUMF ¶¶ 10, 38. (emphasis added).

[72] Department SUMF ¶ 5; Finizie Response to Department SUMF ¶ 5.

[73] Department SUMF ¶ 27; Finizie Response to Department SUMF ¶ 27.

[74] Department SUMF ¶ 34; Finizie Response to Department SUMF ¶ 34.

[75] Department SUMF ¶ 45; Finizie Response to Department SUMF ¶ 45.

[76] *Steele*, 642 F. App'x at 135.

[77] ECF No. 1 at ¶¶ 51–60.

[78] Department SUMF ¶¶ 31, 34, 44, 45; Finizie Response to Department SUMF ¶¶ 31, 34, 44, 45.

[79] ECF No. 21 at 17.

[80] ECF No. 21-2 at 230–264.

[81] ECF No. 1 at ¶¶ 61–69.

[82] *Id.* ¶¶ 37, 41; ECF No. 22 at 17.

[83] 29 U.S.C. § 623(a)(1).

[84] *Gress v. Temple Univ. Health Sys.*, 784 F. App'x 100, 104 (3d Cir. 2019).

[85] *Borzak v. City of Bethlehem*, No. 19-5716, 2021 WL 6073095, at *12 (E.D. Pa. Dec. 23, 2021) (internal citations omitted); *see also McDonnell Douglas*, 411 U.S. at 802.

[86] *Id.* (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

[87] *Gardner v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 21-3422, 2022 WL 3647824, at *8 (E.D. Pa. Aug. 24, 2022). *See also Hartman v. Select Rehab.*, LLC, 528 F. Supp. 3d 373, 384 (E.D. Pa. 2021) (citing *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 301 (3d Cir. 2004)).

[88] *Smith v. City of Allentown,* 589 F.3d 684, 690 (3d Cir. 2009).

[89] *Id.*

[90] Department SUMF ¶¶ 5,27; Finizie Response to Department SUMF ¶¶ 5, 27.

[91] Department SUMF ¶ 10, 26; Finizie Response to Department SUMF ¶ 10, 26.

[92] *Hartman v. Select Rehab.*, LLC, 528 F. Supp. 3d at 384–85.